UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TEX MEX ENTERPRISE, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>ALL-PRO CLEANING SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No. 05 10518 RCL |

**PARTIES' JOINT MOTION TO TRANSFER CASE TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C., § 1406(a)**

Pursuant to 28 U.S.C., § 1406(a), the parties jointly and respectfully move the court for an order transferring this case to the United States District Court for the Northern District of Illinois. The grounds for this motion are that the parties' contract which is alleged by plaintiff as the basis for its lawsuit provides that the exclusive forum for all disputes arising in connection with that contract shall be the federal and state courts located in Cook County, Illinois [copy attached as Exh. A]; that forum selection clauses are routinely enforced in this circuit, *see Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 386 (1st Cir. 2001), and *Lambert v. Kysar*, 983 F.2d 1110, 1116 (1st Cir. 1993); that in this case venue has been layed in the wrong district; that the Northern District for Illinois is a district in which the case could have been brought initially; and that transfer is in the interests of justice.

The parties expressly reserve all rights and defenses under the contract and all rights and defenses under applicable law and no such rights or defenses shall be deemed waived or affected in any other regard by the filing of this motion..

| | |
|---|---|
| TEX MEX ENTERPRISE, INC.<br>By its attorneys, | ALL-PRO CLEANING SYSTEMS, INC.<br>By its attorneys, |

_____
Samson Mparaganda
MPARAGANDA & ASSOCIATES
15 Alpine Lane, Suite 2
Chelmsford, MA 01824
(978) 256-9152

_____
John Foskett, BBO No. 175540
DEUTSCH WILLIAMS BROOKS
  DERENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
(617) 951-2300

J. Eric Vander Arend
GESSLER, HUGHES, SOCOL, PIERS,
  RESNICK & DYM, LTD.
70 West Madison Street
Suite 4000
Chicago, IL 60602

Date: April 14, 2005

DWLIB 179381v1
8715/00

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail/hand on this date.

_____

2

## CUSTODIAN STAFFING SERVICES
## CONTRACTOR AGREEMENT

This Exclusive Contractor Agreement (the "Agreement") is entered into between ALL PRO CLEANING SYSTEMS, INC. and TEX MEX ENTERPRISE, INC., as of the 16th day of September, 2003.

Whereas, ALL PRO CLEANING SYSTEMS, INC. and TEX MEX ENTERPRISE, INC. desire that TEX MEX ENTERPRISE, INC. perform custodial Work exclusively as contractor of ALL PRO CLEANING SYSTEMS, INC.; and

ALL PRO CLEANING SYSTEMS, INC. and TEX MEX ENTERPRISE, INC. therefore agree as follows:

1. **Definitions.** Defined terms shall have the same meaning in this agreement, unless a different meaning is articulated or otherwise required by the contract.

2. **Term.** This Agreement shall be effective as of September 16th, 2003, and shall remain in full force and effect until further notice, unless properly terminated earlier pursuant to the terms of this Agreement. During the term of this Agreement, TEX MEX ENTERPRISE, INC. shall perform custodial Work exclusively for ALL PRO CLEANING SYSTEMS, INC. and shall not perform such work for any other individual or entity. Nothing in this Agreement obligates ALL PRO CLEANING SYSTEMS, INC. to offer TEX MEX ENTERPRISE, INC. the opportunity to perform any Work or TEX MEX ENTERPRISE, INC. to accept any request to perform Work. However, all terms and conditions of this Agreement shall remain in force during any and all periods before and/or after as stated herein.

3. **Relationship of parties.** Each party hereto shall act as an independent contractor without authority to bind the other party. The parties' relationship under this Agreement shall not constitute a joint venture, partnership, or any other form of business arrangement other than that of an independent contractor.

    3.1 TEX MEX ENTERPRISE, INC. shall devote its best efforts, attention, knowledge and skill to the performance of this Agreement. Without modification of any obligation of TEX MEX ENTERPRISE, INC. under this Agreement, TEX MEX ENTERPRISE, INC. will provide day to day management and supervision of the Work performed by TEX MEX ENTERPRISE, INC. personnel, including without limitation determining in its reasonable discretion the time, scheduling, manner, method and place of performance of the Work performed by TEX MEX ENTERPRISE, INC. personnel.

    3.2 TEX MEX ENTERPRISE, INC. represents and warrants that pursuant to the Internal Revenue Code of 1986, the regulations promulgated therein and applicable provisions of the common law, all TEX MEX ENTERPRISE, INC. personnel will be independent contractors in relations to ALL PRO CLEANING SYSTEMS, INC. Accordingly TEX MEX ENTERPRISE, INC. will file all required forms and necessary payments appropriate to the status of TEX MEX ENTERPRISE, INC. personnel as independent contractors in relation to ALL PRO CLEANING SYSTEMS, INC. In the event such independent contractor status is denied or changed and any TEX MEX ENTERPRISE, INC. personnel are declared to have "employee" status with respect to ALL PRO CLEANING SYSTEMS, INC., TEX MEX ENTERPRISE, INC. agrees to hold ALL PRO CLEANING SYSTEMS, INC. harmless from all costs, including any interest, penalties, and legal fees, which ALL PRO CLEANING SYSTEMS, INC. may incur as a result of such change in status. TEX MEX ENTERPRISE, INC. is providing the Work under this Agreement as an independent contractor. TEX MEX ENTERPRISE, INC. shall file all forms and make all payment necessary or appropriate to preserve or support such independent contractor tax status.

3.3 TEX MEX ENTERPRISE, INC. is responsible for all employee-related benefits applicable to TEX MEX ENTERPRISE, INC. personnel performing Work under this Agreement. ALL PRO CLEANING SYSTEMS, INC. shall not be obligated to provide TEX MEX ENTERPRISE, INC. personnel with employee benefits of any type unless otherwise required by law. TEX MEX ENTERPRISE, INC. is responsible for withholding TEX MEX personnel's portion of Federal Insurance Contributions Act ("FICA") taxes, and for withholding income taxes for federal and state income tax purposes in the manner required by law. TEX MEX ENTERPRISE, INC. will, in a timely manner, pay over all amounts withheld to the Internal revenue Service or to the appropriate state authorities as the case may be, and will timely pay its share of all FICA and Federal Unemployment Tax Act ("FUTA") taxes for all TEX MEX ENTERPRISE, INC. personnel performing Work under this Agreement. ALL PRO CLEANING SYSTEMS, INC. shall not have any responsibility for these employee-related tax items, and shall be indemnified and held harmless by TEX MEX ENTERPRISE, INC. from any liability, cost or expense, including any interest, penalties and legal fees, that may be assessed against or incurred by ALL PRO CLEANING SYSTEMS, INC. in connection with TEX MEX ENTERPRISE'S, INC. failure to make any such payment.

3.4 TEX MEX ENTERPRISE, INC. shall at all times remain liable for performance of Work by all TEX MEX ENTERPRISE, INC. personnel in conformity with the terms and conditions of this Agreement.

3.5 TEX MEX ENTERPRISE, INC. shall at all times remain solely responsible and liable for all acts and omissions of TEX MEX ENTERPRISE, INC. personnel.

3.6 TEX MEX ENTERPRISE, INC. shall discuss prospective Assignments under this Agreement only with ALL PRO CLEANING SYSTEMS, INC. representatives.

3.7 TEX MEX ENTERPRISE, INC. agrees to limit its workforce representing ALL PRO CLEANING SYSTEMS, INC. to employees of TEX MEX ENTERPRISE, INC., not employees of a firm subcontracted to TEX MEX ENTERPRISE, INC.

4. **Invoicing.** TEX MEX ENTERPRISE, INC. shall bill ALL PRO directly. TEX MEX ENTERPRISE, INC. shall provide ALL PRO CLEANING SYSTEMS, INC. with a copy of the CONTRACT Employee's weekly time card, signed by the Contract Employee's supervisor, along with the weekly invoice.

5. **Payment.** TEX MEX ENTERPRISE, INC. shall bill ALL PRO CLEANING SYSTEMS, INC. and ALL PRO CLEANING SYSTEMS, INC. shall pay TEX MEX ENTERPRISE, INC. an amount equal to the received invoice. Payment shall be due upon receipt. To insure that TEX MEX ENTERPRISE, INC. employees are properly paid, TEX MEX ENTERPRISE, INC. shall contract with an independent payroll processing company and provide ALL PRO CLEANING SYSTEMS, INC. a copy of such contract which must for insurance covering Worker Compensation claims of TEX MEX ENTERPRISE, INC. employees. ALL PRO CLEANING SYSTEMS, INC. shall pay the portion of each TEX MEX ENTERPRISE, INC. invoice attributable to wages, benefits and payroll taxes directly to the payroll processing company, and shall pay the invoice balance to TEX MEX ENTERPRISE, INC.

6. **Insurance.** TEX MEX ENTERPRISE, INC. shall maintain in full force and effect insurance which is equivalent to that required of Contractor. ALL PRO CLEANING SYSTEMS, INC. shall be named as ADDITIONAL INSUREDS on each such policy, all tangible property furnished to TEX MEX ENTERPRISE, INC. by ALL PRO CLEANING SYSTEMS, INC. shall be kept insured by TEX MEX ENTERPRISE, INC. as TEX MEX ENTERPRISE'S, INC. expense in an amount equal to the replacement cost with loss payable to ALL PRO CLEANING SYSTEMS, INC., as appropriate. TEX MEX ENTERPRISE, INC. will provide copies of the binder, the policy, and/or certificate of insurance to ALL PRO CLEANING SYSTEMS, INC. upon request.

INC. will provide copies of the binder, the policy, and/or certificate of insurance to ALL PRO CLEANING SYSTEMS, INC. upon request.

7. **Contactor guidelines.** TEX MEX agrees to abide by any guidelines which ALL PRO CLEANING SYSTEMS, INC. may require during the term of this Agreement.

8. **Non-Competition.** During the term of the Agreement hereunder and for a period of eighteen (18) months immediately following the termination, TEX MEX ENTERPRISE, INC. shall not, either directly or indirectly, on its behalf or as an employee, agent, officer, salesman, shareholder, director or in any other capacity whatsoever, for or on behalf of any person, corporation, partnership, or other entity, contact, provide services to, enter into contract with, or otherwise solicit or attempt to obtain the business of any past or present customer of ALL PRO CLEANING SYSTEMS, INC., or any prospect of ALL PRO CLEANING SYSTEMS, INC. For purposes of this Agreement, an active prospect shall mean a person or company which is not currently a customer, but to whom ALL PRO CLEANING SYSTEMS, INC. has either (1) made a business proposal, (2) to whom an application is pending at the time of termination, or (3) from whom ALL PRO CLEANING SYSTEMS, INC. has solicited business in the year before TEX MEX ENTERPRISE'S, INC contract with ALL PRO CLEANING SYSTEMS, INC. ends, or (4) for whom ALL PRO CLEANING SYSTEMS, INC. has reviewed its insurance program or conducted a workers' compensation premium audit in the year before TEX MEX ENTERPRISE'S, INC. contract with ALL PRO CLEANING SYSTEMS, INC. ends. Notwithstanding the foregoing to the contrary, if ALL PRO CLEANING SYSTEMS, INC. customers directly contact TEX MEX ENTERPRISE, INC., TEX MEX ENTERPRISE, INC. may be engaged by said party.

9. **Warranties.**

   9.1 TEX MEX ENTERPRISE, INC. shall be responsible for, indemnify and hold ALL PRO CLEANING SYSTEMS, INC. harmless from any damages, costs, liabilities, and/or expenses (including without limitation reasonable attorneys' fees and costs), arising out of breach of warranties.

   9.2 TEX MEX ENTERPRISE, INC. represents and warrants that the Work shall not infringe upon or violate any patent, copyright, trademark, trade secret or other intellectual property right of any third party.

   9.3 TEX MEX ENTERPRISE, INC. represents and warrants that it is not a party to or bound by any agreement or contract to perform custodial Work for any other individual or entity, or by any other agreement or contract which may prevent TEX MEX ENTERPRISE, INC. from entering into and performing its obligation under this Agreement.

   9.4 TEX MEX ENTERPRISE, INC. will defend at its expense and indemnify and hold harmless ALL PRO CLEANING SYSTEMS, INC., its Affiliates and any third party users of any of the Work, and its and their respective directors, officers, employees, agents and advisers (each, as to TEX MEX ENTERPRISE, INC., an "Indemnified Party") from and against any action, suit, or other proceeding, or settlement thereof, to the extent that such action, suit, or proceeding claims against the Indemnified Party that intellectual property rights of the claimant are infringed by use by an Indemnified Party of any of the Work. TEX MEX ENTERPRISE, INC. shall pay those losses, damages, expenses and cost, including without limitation attorneys' fees and expenses, awarded against, or incurred by, and Indemnified Party in, or as a result of any such action, suit or proceeding, or settlement thereof that are attributable to such claim, provided that (1) the Indemnified Party or ALL PRO CLEANING SYSTEMS, INC. promptly notifies TEX MEX ENTERPRISE, INC. in writing of any such claim, (2) ALL PRO CLEANING SYSTEMS, INC. shall be accorded control of the defense and of all negotiations for settlement or compromise of such claim, and (3) ALL PRO CLEANING SYSTEMS, INC. and the Indemnified Party if other than ALL PRO CLEANING SYSTEMS, INC. cooperate with TEX MEX ENTERPRISE, INC. in

All-PRO-CLEANING, INC    Fax:847-412-0336    Apr  8 '05   15:21    P. 02

the defense and settlement of such claim, including providing to TEX MEX ENTERPRISE, INC., at TEX MEX ENTERPRISE'S, INC. expense, such information and assistance as TEX MEX ENTERPRISE, INC. may reasonable request. The Indemnified Party may, at its own expense, be represented in such defense.

9.5 TEX MEX ENTERPRISE, INC. will further defend at its expense and indemnify and hold harmless the Indemnified Parties from and against any action, suit, or other proceeding, or settlement thereof, to the extent that such action, suit or proceeding arises out of or results from any one of the following:

   A. Damage to property and injuries, including without limitation death, to all persons, arising from any occurrence caused by any act or omission of TEX MEX ENTERPRISE, INC. or TEX MEX ENTERPRISE, INC. personnel related to the performance of this Agreement;

   B. TEX MEX ENTERPRISE'S, INC. material breach of any representations, warranties, covenants or obligations contained in this Agreement;

   C. TEX MEX ENTERPRISE'S, INC. failure (1) to provide any employee-related benefits applicable to TEX MEX ENTERPRISE, INC. personnel performing Work under this Agreement, or (2) to withhold and/or remit all amounts required by applicable law, rule, regulation, TEX MEX ENTERPRISE, INC. benefits plan or TEX MEX ENTERPRISE, INC. policy, including but not limited to withholdings for FICA, FUTA, unemployment insurance, disability, pension, income tax and health insurance purposes.

TEX MEX ENTERPRISE, INC. shall pay those losses, damages, expenses and costs, including without limitation interest, penalties, and fees of attorneys and accountants (including expenses), awarded against, or incurred by, any Indemnified Party in, or as a result of, any such suit, action, action or other proceeding, or any settlement thereof, provided that (a) the Indemnified arty or ALL PRO CLEANING SYSTEMS, INC. reasonably promptly notifies TEX MEX ENTERPRISE, INC. in writing of any such claim, (b) TEX MEX ENTERPRISE, INC. shall be accorded control of the defense and, of all negotiations for settlement or compromise of such claim, and (c) ALL PRO CLEANING SYSTEMS, INC. and the Indemnified Party if other than ALL PRO CLEANING SYSTEMS, INC. cooperate with TEX MEX ENTERPRISE, INC. in the defense and settlement of such claim, including providing to TEX MEX ENTERPRISE, INC., at TEX MEX ENTERPRISE'S, INC. expense, such information and assistance as TEX MEX ENTERPRISE, INC. may reasonably request. The Indemnified Party may, at its own expense, be represented in such defense.

10. **Termination.**

   10.1 Either party may terminate this Agreement for any reason, with or without cause upon thirty (30) days written notice to the other party. If, at that time, one or more Work Orders are in place, the parties shall negotiate in good faith to reach an accord that will allow such Work Order(s) to be performed until ALL PRO CLEANING SYSTEMS, INC. can make other arrangements for the performance of such Work Order(s).

   10.2 ALL PRO CLEANING SYSTEMS, INC. may terminate this Agreement immediately in its sole discretion upon TEX MEX ENTERPRISE'S, INC. breach of Section 8.

   10.3 Either party may terminate this Agreement for cause in the event of a substantial and material breach of this Agreement by the other party, provided that the terminating party gives written notice to the Other party of such breach in specific detail and refers to it as "substantial and material breach." The non-terminating party must be provided thirty (30) days from receipt of such notice to cure the breach. If the breach is not cured by the (30th) day, the terminating party must give written notice

(the "Second Notice") to the other party, within five (5) days after the thirtieth (30th) day, that the breach has not been cured and that the terminating party is terminating the Agreement. In such a case, the termination shall be effective immediately upon receipt of the Second Notice, unless a different date is specified in the Second Notice.

10.4 ALL PRO CLEANING SYSTEMS, INC. may terminate this Agreement upon twenty-four (24) hours written notice in the event TEX MEX ENTERPRISE, INC. applies for or consents to the appointment of or taking of possession by a receiver, custodian trustee, or liquidation of itself or of all or a substantial part of its property, makes a general assignment for the benefit of creditors, commences a voluntary case under the Federal Bankruptcy Code (as now or hereinafter in effect), or fails to contest in a timely or appropriate manner or acquiesces in writing to any petition filed against it in an involuntary case under such Bankruptcy Code or any application for the appointment of a receiver, custodian, trustee, or liquidation of itself or of all or a substantial part of its property, or its liquidation, reorganization, or dissolution.

11. **Mandatory arbitration.** The parties agree to arbitrate any disputes between them, including any controversy arising out of, or involving the construction or application of any of the terms, covenants, provisions, or conditions of, this Agreement. Such arbitration shall be mandatory upon the written notification of either party to the other, and shall take place exclusively in Cook County, Illinois. The arbitrator shall have no power or authority to make any award that provides for or includes punitive, exemplary or multiple damages.

12. **Choice of law and forum.** This Agreement shall be governed by and construed according to Illinois law without giving effect to the choice of law provisions thereof. The parties expressly agree that, in the event of any dispute between them, whether or not based on this Agreement, neither party will seek or be entitled to recover any award that includes punitive, exemplary or multiple damages. Exclusive venue shall be in the state or federal courts of Cook County, Illinois, and the parties hereto expressly submit to the personal jurisdiction of such courts. This provision is not meant in any way to limit the foregoing provision requiring mandatory arbitration upon written notification of either party.

13. **Complete agreement.** This Agreement constitutes the complete agreement between the parties with respect to the subject matter hereof, and supersedes any prior oral or written agreements. This agreement may not be modified except by written agreement signed by both parties. In the event any provision of this Agreement is found to be illegal, invalid, or unenforceable for any reason, such illegality, invalidity, or unenforceability shall not affect the legality, validity, or enforceability of the remaining provisions of this Agreement. Headings used in this Agreement are for the convenience of reference only and shall not be construed as altering the meaning of this Agreement or any of its parts.

14. **Authority.** Each person executing this Agreement as an agent or in a representative capacity warrants that he or she is duly authorized to do so.

ALL PRO CLEANING SYSTEMS, INC.        TEX MEX ENTERPRISE, INC.

By: _____          By: _____
Name: Steven Kohen                   Name: Jose Acosta